IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUSTIN BEALL,

          Plaintiff,

       vs.

UNITED STATES AMERICA,

          Defendant.

**8:22CV217**

**MEMORANDUM AND ORDER**

Petitioner, a non-prisoner[1] proceeding in forma pauperis, filed a civil rights Complaint on June 17, 2022, Filing No. 1, and a motion to appoint counsel on September 30, 2022, Filing No. 13.  The Court conducts its initial review of the Complaint under 28 U.S.C. § 1915(e)(2), and finds granting leave to amend the Complaint is appropriate as discussed herein.

## I. SUMMARY OF COMPLAINT

As it stands, Plaintiff's Complaint, Filing No. 1, is incomprehensible.  Plaintiff, utilizing a form complaint, named the "United States of America" as the sole defendant and failed to check the majority of the boxes in the form including those setting forth the jurisdictional basis for his suit.  *Id.* at 3.  Further, the entirety of Plaintiff's stated claim is as follows "3 legal name changes and no accountability."  Filing No. 1 at 4 (spelling

---

[1] Plaintiff was incarcerated at the time he initially filed his Complaint, *see* Filing No. 1 at 12, however, he has since been released, *see* Filing No. 13.

corrected).  Plaintiff lists injuries of "complex PTSD [and] acute manic Bipolar" and seeks monetary damages in the amount of "5.2 million US Dollars."  Filing No. 1 at 5.

## II.  INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2

### III. DISCUSSION

The Court has reviewed Plaintiff's Complaint, and although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard, and the Court cannot discern any cognizable claim for relief arising under federal law or the federal Constitution.

In addition, Plaintiff names only the United States of America as a defendant and seeks only money damages. The doctrine of sovereign immunity provides that the United States is immune from suit absent an express waiver by Congress. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411–12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). Therefore, if sovereign immunity applies, the Court lacks jurisdiction to entertain the suit. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Based on the Complaint's deficiency, the Court is unable to determine whether the doctrine of sovereign immunity applies here.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendant(s).  *Plaintiff should be mindful to clearly identify the Defendant(s), explain what Defendant(s) did to him, when Defendant(s) did it, how Defendant(s) actions harmed him, what specific legal rights Plaintiff believed Defendant(s) violated, and the jurisdictional basis for this Court to review his claim(s).*  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, the claims against the Defendant will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## IV.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel in order to receive help "in moving forward" and represents that he is disabled and receives benefits for mental impairments.  Filing No. 13.  "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

Accordingly,

IT IS ORDERED:

1.     Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendant(s) in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, his claims against Defendant will be dismissed without further notice.

2.     The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.

3.     The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **January 30, 2023:** Check for amended complaint.

4.     Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

5.     Plaintiff's motion to appoint counsel shall be **DENIED** without prejudice to reassertion.

Dated this 29th day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5